IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETER AMAN AND TRACY AMAN, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | CIVIL ACTION NO. 1:18-cv-00845-RP |
| COMPANY, AS TRUSTEE FOR LONG | § | |
| BEACH MORTGAGE LOAN TRUST | § | |
| 2005-WL3, ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2005-WL3 | § | |
| AND SELECT PORTFOLIO SERVICING, | § | |
| INC., | § | |
| *Plaintiffs*. | § | |

**Plaintiff's 2nd Amended Petition for Declaratory Relief,
Action to Quiet Title and RESPA Violations Breach of Contact**

**To The Honorable Judge Of Said Court:**

NOW COMES Plaintiffs, Peter Aman and Tracy Aman, and file their Plaintiffs" Original Petition for Declaratory Relief, Action to Quiet Title, and RESPA Violations, complaining of Defendants, Deutsche Bank National Trust Company, As Trustee, In Trust for registered Holders of Long Beach mortgage Loan Trust 2005-WL3, Asset-Baked Certificates, Series 2005-WL3 ("Noteholder") herein after "Deutsche Bank" and Select Portfolio Servicing Inc. ("Defendants"), and as cause therefore respectfully shows unto the court as follows:

**Discovery Level**

1.     This suit is subject to Discovery Control Plan Level 2 pursuant to the Texas Rules of Civil Procedure § 190.3.

**Parties**

2.      Plaintiffs resides at 3202 Clumpgrass CV, Austin, Texas 78735 and may be contacted through their attorney of record, Fred E. Walker, P.C. at 609 Castle Ridge Road, Suite 220, Austin, Texas 78746.

3.      Defendant, Deutsche Bank National Trust Company, As Trustee, In Trust for registered Holders of Long Beach mortgage Loan Trust 2005-WL3, Asset-Backed Certificates, Series 2005-WL3 may be served through the Texas Secretary of State Service of Process P.O. Box 12079 Austin, Tx 78711-2079 overnight at James E. Rudder Building 1019 Brazos, Room 105 Austin, Tx 78701.

4.      Defendant, Select Portfolio Servicing Inc. may be served through its registered agent Corporations Service Company 211 E. 7th Street Ste 620, Austin, Texas 78701.

**Venue**

5.      Venue is proper in Travis County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.002.

6.      Whenever in this petition it is alleged that Defendants did or was told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives did or were told such act or thing and that, at the time such act or thing was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

**The Home Equity Loan**

7.      On or about July 25, 2005, The Amans entered into a transaction commonly known as a "home equity loan" with Long Beach Mortgage Company. They

executed a Texas Home Equity Adjustable Rate Note in the principal amount of SIX HUNDRED FORTY THOUSAND and NO/100 dollars ($640,000.00) to evidence the loan advance and a Texas Home Equity Affidavit and Agreement (First Lien), recorded in document number 2005142860 and  recorded in the Official Public Records of Travis County, Texas, to secure payment of the loan covering the following described property:

> LOT 28, BLOCK A, THE ESTATES ABOVE LOST CREEK, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 81, PAGE 286, PLAT RECORDS, TRAVIS COUNTY, TEXAS.

8.      On or about September 11, 2012, JP Morgan Chase Bank, National Association acting as Attorney-in-Fact for the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company executed an assignment of the Deed of Trust to Deutsche Bank National Trust Company, As Trustee, In Trust for registered Holders of Long Beach mortgage Loan Trust 2005-WL3, Asset-Backed Certificates, Series 2005-WL3 recorded in document number 2012162435 and   recorded in the Official Public Records of Travis County Texas.

9.      Plaintiffs had no experience with Texas home equity loan at that time and was completely unfamiliar with the laws regarding the same.  They relied exclusively upon the representations of the Lender and its agents to the effect that the loan was lawful and proper.

10.     The Plaintiff's believe and the information available at the time indicates that the market value of their home at the time the loan was made was $480,000.00. See the 2005 Travis County Appraisal attached hereto and incorporated by reference as Exhibit "A"

11.    TEX. CONST. art. XVI §50(a)(6)(B) provides: "The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for an extension of credit that is of a principal amount that when added to the aggregated total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made."

12.    Defendant's loan violated TEX. CONST. art. XVI §50(a)(6)(B) by making an extension of credit to Plaintiffs that exceeded 80% of the fair market value of the Plaintiffs' home on the date the extension of credit was made.

### Breach of Contract

13.    Pursuant to TEX. CONST. art. XVI §50(a)(6)(Q)(x), Plaintiffs notified the Defendant of the violation on August 14, 2018 .  As of filing this petition, Defendant has failed to cure the violation pursuant to TEX. CONST. art. XVI §50(a)(6)(Q)(x)(a)-(e). Pursuant TEX. CONST. art. XVI §50(c) the lien should be declared null and void and the Lender should forfeit all the principal and interest of the extension of credit.   Because of Defendants actions, Plaintiffs have suffered damages

### Expiration of Lien

*Notice of Default*

On or about July 5, 2012, Chase acting as servicer of the note, sent an Acceleration Warning (Notice of Intent to Foreclose) certified mail to Peter and Tracy Aman. A true and correct copy of the Acceleration Warning is attached hereto and incorporated by reference as Exhibit "B"

*Acceleration of Debt*

14.    On or about March 25, 2013, Defendant, Select Portfolio through their attorney Codilis & Stawiarski, P.C.  sent  Notice of Acceleration under the terms of the Security instrument, Tex. Prop. Code Section 51.002, and applicable law. A true and correct copy of the Notice of is attached hereto as Exhibit "C" and is incorporated herein by reference.

15.    From on onset of the original delinquency the Amans unsuccessfully attempted to get their mortgage modified.

16.    On June 10, 1014, Defendant Deutsche Bank filed an *Application For Order Permitting Foreclosure Of Lien Created Under Texas Const. Art. XVI, §50A(6)* in the 200thrd Judicial District Court of Travis County, Texas, under Cause Number D-1-GN-14-001760.

*Statute of Limitations*

17.    V.T.C.A., Civil Practice & Remedies Code § 16.035 provides:

   a.  A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

   b.  A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

   c.  The running of the statute of limitations is not suspended against a bona fide purchaser for value, a lienholder, or a lessee

who has no notice or knowledge of the suspension of the limitations period and who acquires an interest in the property when a cause of action on an outstanding real property lien has accrued for more than four years, except as provided by: (1) Section 16.062, providing for suspension in the event of death; or (2) Section 16.036, providing for recorded extensions of real property liens.

d. On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

18.    Defendants' cause of action accrued, and the four-year statute of limitations began to run, when it accelerated the debt on March 25, 2013.  The acceleration was not abandoned, and the lien became void on March 25, 2017.

### Negligent Servicing and RESPA Violations

19.    The Real Estate Settlement Procedures Act, codified at 12 U.S.C. §§ 2601–2617 and implemented by Regulation X (12 C.F.R. § 1024 *et seq.*), requires servicers to establish reasonable policies and procedures to achieve certain delineated objectives; to provide information about mortgage loss mitigation options to delinquent borrowers; to establish policies and procedures for providing delinquent borrowers with continuity of contact with servicer personnel capable of performing certain functions; to evaluate borrowers' applications for available loss mitigation options; and to correct errors asserted by mortgage loan borrowers and provide certain information requested by such borrowers.

20.    The Defendants had a duty to exercise reasonable care in the review of the loan modification application. *Alvarez v. BAC Home Loans Servicing, L.P.* Cal. App. 4th 941, 948-49 (2014).  Inherent in every contract is a common law duty to perform its obligations with care, skill, reasonable experience and faithfulness" and "a negligent failure to observe any of these conditions is a tort, as well as a breach on contact. *Horton v. Bank of Am* 189F. Supp 3d. 1286 (N.D. Okla 2016.)

21.    The Amans' have worked with Chase and Select Portfolio since 2012 to modify their mortgage.  Plaintiffs allege that over the course of six years these two servicers engaged in the following behaviors:

    a.  Failed to use reasonable diligence in obtaining a completed application. The following is a list of documents sent at the request of the servicer. This list is not exhaustive but just an example of the lengthy delays and repeated request.

        i.  1/22/2018 Sent SPS Profit and Loss for Oct , Nov Dec 2017; sent copies of checks investment income; sent copies of bank statements;

        ii.  12/7/2017 Sent Profit and Loss for Oct, Nov Dec 2017; copies of checks investment income; copies of bank statements;

        iii.  10/24/2017 Sent Profit and Loss for August, Sept, Oct 2017; copies of income checks; bank statements;

        iv.  9/18/2017 Sent Rental Income and expenses for Oct 2016 through August 2017; copies of checks from investment income.

        v.  8/23/2017 Sent Bank Statements notating rental income for June

and July 2017, copies of checks investment income;

vi.   8/11/2017 sent Profit and Los Rental Income Dec 2016-July 2017; copies of checks of investment income July and Aug 2017.

vii.   7/14/2017 Sent Profit and Loss Income for Real Estate Sales Income of Mrs. Aman April 2017-June 2017; Profit and Loss for Investment Income May-July 2017; Profit and Loss for Rental Income April 2017-June 2017;

viii.   6/2/2017 sent Profit and Loss for Investment Income March 2017-May 2017; copies of checks of investment income;

ix.   6/23/2017 sent Profit and Loss for Investment Income March 2017-May 2017; copies of checks from investment income.

x.   6/2/2017 Profit and Loss from Real Estate Sales Income from Tracy Aman for April and May 2017; Profit and Loss from Rental Income March April May 2017; Profit and Loss Rental Income Feb-April 2017;

xi.   1/2017 sent SPS a letter explaining the Rental Income was a house listed on VBRO.  Sent the Booking Rules for VBRO;

xii.   2016 sent copies of investment checks received in 2016;

xiii.   10/2016 sent proof of sale of property and net proceeds notated on a bank statement;

xiv.   11/2016 sent bank statements with notations regarding income 2016; rental income for November;

xv.   2015 sent copies of investment checks 2015; bank statements 2015; home owners dues 2015;

    xvi. 2016 sent Profit and Loss for investments, rental income, rental sales for April May June 2016; Income from an auction; student education expense;

    xvii. 7/6/2016 sent copies of bank statements, attorney general child support info;

    xviii. 2014 sent copies of investment checks 2014, Child Support income information for 2014;

b. Failed to review the applications within 30 days;

    a. No time during the application process did Select Portfolio complete in initial review in 30 days.

    b. May 2018, SPS sent Plaintiffs' a formal denial letter.

c. Initiated foreclosure procedures during the review process;

d. Changed servicers and required the Amans to start the process over;

e. Provided Plaintiffs with false or misleading information regarding loss mitigation services and loan modifications.

    a. Plaintiffs spoke regularly to SPS employees regarding their application. Plaintiffs were giving inconsistent information. One representative would say they didn't require any addition information and the next one would tell the Amans they were missing information that had already been submitted.

f. Failed to properly calculate Plaintiffs' eligibility for loan modification programs and improperly denied them a loan modification.

g. Failed to properly process Plaintiffs' loan modification applications including failing to account for submitted documents and request for

assistance, and as a result, delayed/and or denied Plaintiffs' loan modification applications.

    a. March 2017, a representative of SPS informed Plaintiffs that documents had been recorded incorrectly or not at all.

h. Imposed unreasonable delays.

i. Requested documents that didn't exists or was not relevant to the Aman's situation.

j. Failed to (within 5 days) of receipt of the application notify the Amans that the application was incomplete.

k. Failed to provide the Amans written notice of loss mitigation offers being considered.

l. Failed to provide reasons for denying Plaintiffs loan modifications or provided false or misleading reasons for denying the loan modification applications.

## INJURY TO THE PLAINTIFF

22.    Actual damages and expenses include (1) release of the lien that clouds title to their homestead, (2) overpayments made above the amount required to repay that portion of the loan that did not exceed 80% of the fair market value of their property on the date the loan was made.   Over the past six years Defendants have demonstrated a pattern and practice of improper loan servicing.   These repeated practices have caused the Amans emotion distress.

## Declaratory Relief

23.    Pursuant to Tex. Civ. Prac. & Rem. Code Ann. §37.0003, Plaintiffs is entitled to a declaratory judgment adjudicating the rights of the parties and declaring that the lien described herein is void.

### Action to Quiet Title

24.    Plaintiffs are the rightful owners and are entitled to possession of the Property by virtue a Texas Home Equity Adjustable Rate Note in the principal amount of SIX HUNDRED FORTY THOUSAND and NO/100 dollars ($640,000.00) to evidence the loan advance and a Texas Home Equity Affidavit and Agreement (First Lien), recorded in document number 2005142860 and  recorded in the Official Public Records of Travis County, Texas.

25.    Defendants, purport to have an adverse claim or interest in the property that operates as a cloud on Plaintiffs' title to the property.  The nature of Defendant's interest in the property is a Texas Home Equity Security Instrument (First Lien) dated July 25, 2005 that is based upon a constitutionally noncompliant Texas home equity loan.

26.    In order for Plaintiffs to enjoy title to the Property, the adverse estate or interest claimed by the Defendant must be removed

27.    Plaintiffs are entitled to a judgment quieting title to their Property and removing the cloud on their title.

### Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs PETER AMAN AND TRACY AMAN prays that they be granted judgment as set forth above.  Plaintiffs further prays for  all further relief, at law or in equity, as to which they may be justly entitled.

Date: June 3, 2019

Respectfully submitted,

**FRED E. WALKER, P.C.**

/s/ Kimberly Nash
Fred E. Walker
State Bar No: 20700400
Kimberly Nash
State Bar No. 24043840
609 Castle Ridge Road, Suite 220
Austin, Texas 78746
Telephone: (512)330-9977
Facsimile: (512)330-1686
Attorney for Plaintiffs
fredwalkerlaw@yahoo.com
fred@fredwalkerlaw.com

CAUSE NO. _____

| | | |
|---|---|---|
| PETER AMAN | § | |
| AND | § | |
| TRACY AMAN | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffss* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE IN TRUST | § | |
| FOR REGISTERED HOLDERS OF LONG | § | |
| BEACH MORTGAGE LOAN TRUST | § | |
| 2005-WL3, ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2005-WL3 | § | |
| AND | § | OF TRAVIS COUNTY, TEXAS |
| SELECT PORTFOLIO SERVICING INC. | § | |
| | § | |
| | § | |
| *Defendants* | § | |

## AFFIDAVIT OF TRACY AMAN

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TRAVIS** | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared, Tracy Aman owner of the real property located at 3202 Clumpgrass Cove Austin, Texas 78735 and after being sworn, stated under oath that she is the Plaintiff in this action; that she has read the above Original Petition that every statement contained in the Petition is within her personal knowledge and is true and correct.

_____
TRACY AMAN

SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of August 2018, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas



MARILYN ELISE GINSBURG
Notary Public
STATE OF TEXAS
ID# 131312444
My Comm. Exp. Oct. 11, 2021